# EXHIBIT 1

T10²⁶⁶⁶
20 October 2022
11:57:23
GD-22-013097

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **ALYSSA TRUNZO,**<br>285 Mennonite Camp Road<br>Mt. Pleasant, PA 15666<br><br>Plaintiff,<br><br>v.<br><br>**KINDERCARE EDUCATION, INC.**<br>650 NE Holladay St #1400<br>Portland, OR 97232<br><br>Defendants. | CIVIL DIVISION<br><br>Docket #: GD-22-013097<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Filed on behalf of: Plaintiffs.<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>David M. Kobylinski, Esquire<br>Pa. ID No.: 92233<br><br>Peter T. Kobylinski, Esquire<br>Pa. ID No.: 309832<br><br>PRAETORIAN LAW GROUP, LLC<br>515 Court Place, Ste 4<br>Pittsburgh, PA 15219<br>(412) 281-6600 |

FILED
2022 OCT 20 AM 11:57
DEPT. OF COURT RECORDS
CIVIL/FAMILY DIVISION
ALLEGHENY COUNTY, PA

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **ALYSSA TRUNZO,** | ) |
| | ) CIVIL DIVISION |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket #: GD-22-_____ |
| | ) |
| **KINDERCARE EDUCATION, INC.,** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| | ) |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
(412) 261-5555

2

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| **ALYSSA TRUNZO,** | ) |
| | ) CIVIL DIVISION |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket #: GD-22-_____ |
| **KINDERCARE EDUCATION, INC.,** | ) |
| | ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |

## COMPLAINT

Alyssa Trunzo, through counsel, avers as follows:

**I.    Parties and Venue**

1.    Alyssa Trunzo is an adult individual who resides at 285 Mennonite Camp Road, Mt. Pleasant, PA 15666.

2.    KinderCare Education, Inc is foreign corporation headquartered at 650 NE Holladay St #1400, Portland OR 97232.

3.    Venue is appropriate in Allegheny County because defendant conducts business herein on a regular and continuing basis.

**II.    Concise Statement of Facts**

4.    Prior to March 31, 2022, plaintiff was employee of defendant at its North Huntington location.

5.    Plaintiff worked as an assistant preschool teacher. She provided to care to children under the age of six.

6. On or around March 31, 2022, plaintiff met with defendant's agent or employee, Amber Humbert. Plaintiff walked into the meeting believing this was routine meeting in which her proposed lesson plan was to be discussed.

7. Instead, Ms. Humber accused plaintiff of abusing a child by pulling the child's arm and placing the child into a corner. Ms. Humber advised these events occurred on or around March 25, 2022.

8. Plaintiff denied that she had ever pulled a child's arm or placed the child into a corner. Plaintiff explained to Ms. Humber that the child in question had tipped over a toy vehicle and she had helped the child extricate himself. She explained further that after she helped the child out of the toy, the child ran off to play with other children and was not placed into a corner.

9. Moreover, plaintiff explained that she would never do the things Ms. Humber accused her of.

10. Ms. Humber nonetheless stated to plaintiff that her employment with defendant was going to be terminated.

11. When informed she was being terminated, plaintiff responded that she had already received a better employment offer from the Seton Hill Child Development Center and had intended to put in her notice anyways.

12. Plaintiff was informed that defendant had contacted Seton Hill Child Development Center and informed them that plaintiff had physically abused children while under their employ.

13. These statements were false. Moreover, defendant knew or should have known the statements were false. As such, plaintiff believes and therefore avers they were made with malicious intent.

14. To plaintiff's knowledge, defendant made no report of this alleged incident to any governmental authority even though such event would have been a mandatory reporting incident.

15. Moreover, defendant knew or should have known that plaintiff denied this event and that the report itself was unreliable.

16. On or around May 3, 2020, plaintiff's employment with Seton Hill Child Development Center was terminated.

17. In addition, plaintiff was studying for an Associate's degree in child care at the Westmoreland County Community College (the "WCCC").

18. Plaintiff is informed and therefore believes that Ms. Humber contacted the WCCC and falsely reported to them that plaintiff had engaged in abusing a child.

19. On March 30, 2022, the WCCC informed plaintiff she was being removed from the program as a result Ms. Humbert's false and malicious representations.

**III.   Damages**

20. As a direct and proximate cause of defendants conduct and actions, plaintiff has sustained the following damages:

   a) Plaintiff's reputation has been tarnished and damaged;

   b) Plaintiff has been subjected to ridicule by her colleagues, peers and persons vested with authority;

   c) Plaintiff has suffered and will continue to suffer from embarrassment, shame, humiliation and emotional distress;

   e) Plaintiff has lost and will continue to lose income; and

   f) Plaintiff has lost and will continue to lose business opportunities.

## COUNT I

### Alyssa Trunzo v. KinderCare Education, Inc.

#### DEFAMATION

21.  Plaintiffs incorporates the foregoing paragraphs as if set forth at length.

22.  The above-described defamatory statements of plaintiff resulted in her termination.

23.  Defendant made the above-described statements while performing her duties for the Seton Hill Child Development Center.

24.  Defendant's conduct in making the defamatory statements was outrageous and done with a willful disregard for the rights of others. As such, plaintiff makes a claim for punitive damages.

25.  As a direct and proximate result of the harmful and false statements, plaintiff suffered the damages set forth above.

**WHEREFORE**, Plaintiffs prays for judgment in their favor and against that of defendants Kinder Care, Inc. and an award of damages in excess or $50,000 exclusive of interests and costs.

## COUNT II

**Alyssa Trunzo v. KinderCare Education, Inc.**

**TORTIOUS INTERFERENCE WITH CONTRACT**

26. Plaintiffs incorporates the foregoing paragraphs as if set forth at length.

27. Defendant intentionally interfered with plaintiff's current employment relationship by contacting the Seton Hill Child Development Center and relaying the false information.

28. Defendant's conduct caused the plaintiff to be terminated from her current position and caused damage to her reputation.

29. Defendant further intentionally interfered with plaintiff's student relationship with the WCCC.

30. Defendant's conduct caused the plaintiff to be removed from her educational program and caused damage to her reputation.

31. Defendant's conduct in interfering with plaintiff's employment with the Seton Hill Child Development Center and the WCCC was outrageous and done with a willful disregard for the rights of others. As such, plaintiff makes a claim for punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against the defendant Kinder Care, and an award of damages in excess or $50,000 exclusive of interests and costs.

**JURY TRIAL DEMANDED AS TO ALL COUNTS SOUNDING IN LAW**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

_____
David M. Kobylinski, Esquire

Dated: October 20, 2022

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

David M. Kobylinski, Esquire (PA ID # 92233)

October 20, 2022

9

## VERIFICATION

I, Alyssa Trunzo, hereby verify that I am the plaintiff in the foregoing action and that the facts set forth in the complaint are true and correct to the best of my knowledge, information and belief, and further state that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

*Alyssa Trunzo*
_____
Alyssa Trunzo

Dated: 10 / 13 / 2022

Doc ID: d0a19db8a841be19d1c5e386a3e12c009da7a0ce

# ▽ HELLOSIGN

# Audit Trail

| | |
|---|---|
| **TITLE** | Verify Complaint.pdf |
| **FILE NAME** | Verify%20Complaint.pdf |
| **DOCUMENT ID** | d0a19db8a841be19d1c5e386a3e12c009da7a0ce |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ◈ Signed |

**This document was requested from app.clio.com**

## Document History

**SENT** — **10 / 13 / 2022** 17:13:06 UTC — Sent for signature to Alyssa Trunzo (trunzoalyssa@gmail.com) from dave@koby.law
IP: 67.165.109.95

**VIEWED** — **10 / 13 / 2022** 20:51:38 UTC — Viewed by Alyssa Trunzo (trunzoalyssa@gmail.com)
IP: 67.43.96.127

**SIGNED** — **10 / 13 / 2022** 20:52:22 UTC — Signed by Alyssa Trunzo (trunzoalyssa@gmail.com)
IP: 67.43.96.127

**COMPLETED** — **10 / 13 / 2022** 20:52:22 UTC — The document has been completed.

Powered by ▽ HELLOSIGN

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
ALLEGHENY County

*For Prothonotary Use Only:*

Docket No:

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: ALYSSA TRUNZO | Lead Defendant's Name: KINDRCARE EDUCATION, INC |
|---|---|
| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| Is this a *Class Action Suit?* ☐ Yes ☒ No | Is this an *MDJ Appeal?* ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: DAVID M. KOBYLINSKI, ESQUIRE

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☒ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*